368 A.2d 697

**COMMONWEALTH of Pennsylvania**

v.

**Theodore John KROL, Appellant.**

Supreme Court of Pennsylvania.

Argued June 23, 1975.

Decided Jan. 28, 1977.

Richard F. Furia, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Glen S. Gitomer, Asst. Dist. Atty., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION

PER CURIAM.

On April 13, 1963, appellant, Theodore John Krol, was arrested and charged with shooting one Ronald Cleave. Cleave died one week later, and appellant was charged with murder. On August 6, 1963, appellant entered a plea of guilty to murder generally. A degree of guilt hearing was held before a three-judge court en banc. Appellant was found guilty of murder in the first degree and sentenced to life imprisonment. No post-verdict motions were filed at that time, and no appeal was taken.

On September 7, 1969, appellant filed a petition pursuant to the Post-Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580 § 1 et seq. (19 P.S. § 1180–1 et seq.). This petition was subsequently withdrawn without prejudice. On November 5, 1973, appellant filed a second PCHA petition, and a hearing on that petition was held on February 14 and 15, 1974. Represented by newly appointed counsel at that hearing, appellant testified that he was denied his right to appeal from the judgment of sentence, that his guilty plea was not knowingly and voluntarily entered, and that he was deprived of the effective assistance of counsel at trial. On March 28, 1974, appellant was granted leave to file post-verdict motions nunc pro tunc. The petition was denied as to all other claims, but without prejudice to raise them in the nunc pro tunc appeal.

Post-verdict motions nunc pro tunc were filed on April 18, 1974, and argued before a court en banc on June 24, 1974. In these post-verdict motions appellant contended that his guilty plea was involuntarily tendered, that he had been denied effective assistance of counsel at trial, and that the evidence was insufficient for a finding of murder in the first degree. Post-verdict motions nunc pro tunc were denied on August 7, 1974. In denying

post-verdict motions, the court en banc stated that it was powerless to review the record of the February 14, 15, 1974, hearing on the PCHA petition, as that was a collateral proceeding. The court en banc therefore limited its review to ascertaining whether, based on the *trial* record, the plea was valid and whether the evidence was sufficient to sustain a finding of murder in the first degree. Based on that limited review, it found that the plea was validly entered, and that the evidence was sufficient to support the verdict of murder in the first degree. On January 9, 1975, we granted a joint petition to remand the case so that the post-conviction court could make findings of fact based on the evidence presented at both the PCHA hearing of February 14, 15, 1974, and at the degree of guilt hearing. On January 20, 1975, following our remand, the court found that appellant's guilty plea was voluntarily entered, and that he was effectively represented at trial. This appeal followed.

■■ In this appeal appellant again argues that his 1963 plea of guilty was not knowingly and intelligently made, and was unlawfully induced; that he was denied the constitutional right to effective assistance of counsel; and that the finding of murder in the first degree was not supported by the evidence.

Our review of the briefs presented in this appeal; of the record of the Post-Conviction hearing; and of the trial record, convinces us that appellant's claims are without merit.

Order affirmed.